# IN THE COURT OF APPEALS OF IOWA

No. 21-1688
Filed January 27, 2022

**IN THE INTEREST OF J.B.,**
**Minor Child,**

**V.B., Mother,**
    Appellant,

**C.B., Father,**
    Appellant.
_____

Appeal from the Iowa District Court for Story County, Stephen A. Owen, District Associate Judge.


A mother and a father separately appeal the termination of their respective parental rights. **AFFIRMED ON BOTH APPEALS.**


Daniela Matasovic of Matasovic Law Firm, Ames, for appellant mother.

Shannon M. Leighty, Assistant Public Defender, Nevada, for appellant father.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

Mark Olberding, Nevada, attorney and guardian ad litem for minor child.


Considered by Vaitheswaran, P.J., and Tabor and May, JJ.

**MAY, Judge.**

A mother and a father separately appeal the termination of their respective parental rights to their child, J.B. Both challenge the statutory grounds authorizing termination, whether termination is in J.B.'s best interest, and whether the juvenile court should have applied permissive exceptions to preclude termination. We affirm on both appeals.

We review termination proceedings de novo. *In re Z.P.*, 948 N.W.2d 518, 522 (Iowa 2020). "We will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination. Evidence is clear and convincing when there is no serious or substantial doubt as to the correctness of the conclusions of law drawn from the evidence." *In re T.S.*, 868 N.W.2d 425, 431 (Iowa Ct. App. 2015) (internal citation omitted).

We use a three-step analysis to review the termination of a parent's rights. *In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018). We determine whether: (1) grounds for termination have been established, (2) termination is in the child's best interest, and (3) we should exercise any of the permissive exceptions to termination. *Id.* at 472–73.

Here, both parents' rights were terminated under Iowa Code section 232.116(1)(e) and (h) (2021). When, as here, the court terminates based on multiple statutory grounds, we may affirm based on any ground satisfied. *In re N.S.*, No. 14-1375, 2014 WL 5253291, at *3 (Iowa Ct. App. Oct. 15, 2014). We choose to address paragraph (h), which authorizes termination when:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.

(3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.

(4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

Iowa Code § 232.116(1)(h).

Both parties limit their challenges to the fourth element. This element is satisfied when the State establishes a child cannot be safely returned to the parent at the time of the termination hearing. *In re T.W.*, No. 20-0145, 2020 WL 1881115, at *2–3 (Iowa Ct. App. Apr. 15, 2020).

We think the fourth element has been satisfied. As in so many termination cases, methamphetamine looms large. J.B. tested positive for methamphetamine at birth in April 2020. J.B. was also born about ten weeks premature, requiring a lengthy stay in the hospital before going home plus additional care at home. But before he was ever discharged from the hospital, J.B. was placed in his paternal grandmother's care because of the positive drug test. J.B. has lived with his grandmother ever since. Meanwhile, neither parent has progressed beyond supervised visits. Neither has adequately addressed their mental-health or drug-abuse issues. Although several drug tests were offered to the parents,[1] each parent completed only two—and those completed tests returned positive results for methamphetamine. *See In re R.A.*, No. 21-0746, 2021 WL 4891011, at *1

---

[1] When the Iowa Department of Human Services (DHS) case manager for J.B.'s case was asked how often drug screens were offered to the parents, the case manager responded "on average once a month." When asked how many drug screens total had been offered to the parents, the case manager responded "probably over twenty."

(Iowa Ct. App. Oct. 20, 2021) (collecting cases noting we presume missed drug screens would have been positive). Both parents tested positive for methamphetamine in October 2021—the same month as the termination hearing. And "[a] parent's methamphetamine use, in itself, creates a dangerous environment for children." *In re J.P.*, No. 19-1633, 2020 WL 110425, at *2 (Iowa Ct. App. Jan. 9, 2020). We agree with the juvenile court that J.B. could not be safely returned to the care of either parent. So we conclude the State established a statutory ground for termination.

Next, we consider whether termination is in J.B.'s best interest. *See* Iowa Code § 232.116(2). We "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (quoting Iowa Code § 232.116(2)). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *Id.* at 41.

Like the juvenile court, we conclude termination is in J.B.'s best interest. In light of both parents' serious history of substance abuse and unaddressed mental-health issues, we cannot assume either will be able to adequately care for J.B. in the foreseeable future. *See In re C.W.*, 554 N.W.2d 279, 283 (Iowa Ct. App. 1996). Meanwhile, J.B.'s foster placement with his paternal grandmother has been a success. She has provided a safe and stable home, and she is prepared to adopt him. *See* Iowa Code § 232.116(2)(b). We are convinced termination is in J.B.'s best interest here.

Finally, we consider whether to apply a section 232.116(3) exception to termination. These are permissive—not mandatory—exceptions. *In re A.R.*, 932 N.W.2d 588, 591 (Iowa Ct. App. 2019). And the burden of establishing a section 232.116(3) exception always rests with the parent. *See A.S.*, 906 N.W.2d at 476.

Both parents reference section 232.116(3)(c). It authorizes the court to forgo termination if "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." Iowa Code § 232.116(3)(c). We decline to apply this section here. We acknowledge that each parent claims to have a strong bond with J.B. But J.B. has only ever lived with his grandmother—he was removed from his parents' care before he was discharged from the hospital following his birth. And we think J.B.'s pressing need for a safe and stable home outweighs any bond either parent has built with J.B. *See In re E.H.*, No. 21-0467, 2021 WL 2709486, at *3 (Iowa Ct. App. Jun. 30, 2021).

The father also argues we should apply the exception in section 232.116(3)(a), which authorizes the court to forgo termination if "[a] relative has *legal* custody of the child." (emphasis added). While J.B. was in his grandmother's physical care, legal custody remained with DHS. So section 232.116(3)(a) is inapplicable. *See In re B.W.*, No. 19-0602, 2019 WL 2375255, at *4 (Iowa Ct. App. June 5, 2019). So we decline to apply this permissive exception.

**AFFIRMED ON BOTH APPEALS.**